**UNITED STATES of America**

v.

**John Charles GREYFOX, Defendant.**

**No. CR 89–188.**

United States District Court,
D. Oregon.

Dec. 13, 1989.

Charles H. Turner, U.S. Atty., Dist. of Oregon, William M. Youngman, Asst. U.S. Atty., Daniel T. Golden, Certified Law Clerk, Portland, Or., for U.S.

Stephen R. Sady, Chief Deputy Federal Public Defender, Portland, Or., for defendant.

## OPINION

PANNER, Chief Judge.

Defendant John Greyfox has been charged by information with trespass upon Indian country for the purpose of hunting. He now moves to dismiss the information. I grant Greyfox's motion.

## BACKGROUND

Greyfox is an enrolled member of the Omaha–Sioux Indian tribe who for at least the last six years has lived intermittently on the Umatilla Indian Reservation. On January 14, 1989, the Umatilla Tribal Police Chief and officers under his direction apprehended Greyfox and two companions, one of whom is an enrolled Umatilla member, after the chief allegedly saw Greyfox shoot and kill a deer within the tribal trust lands of the reservation. The officers then issued citations to Greyfox for unlawful trespass on the reservation for the purpose of hunting.

Greyfox was arraigned before the Umatilla Tribal Court on February 13. At the arraignment, the tribal court dismissed the charges with prejudice but gave the tribal prosecutor 60 days in which to refile them. Meanwhile, the tribal police had contacted the United States Attorney's Office in Portland the week after the incident and requested that the office undertake a federal prosecution.

On July 27, the United States Attorney filed an information charging Greyfox with trespass on Indian country for the purpose of hunting, in violation of 18 U.S.C. section 1165. The information alleges that:

> On or about January 14, 1989, on the Umatilla Indian Reservation, in Umatilla County, in the District of Oregon, and within the Indian country, in the jurisdiction of this court, JOHN CHARLES GREYFOX, defendant herein, did then and there, without lawful authority or permission, wilfully and knowingly trespass upon the Umatilla Indian Reservation, land belonging to an Indian tribe, for the purpose of hunting, in violation of 18 U.S.C. § 1165.

I heard Greyfox's motion to dismiss on October 16.

## DISCUSSION

Greyfox asserts that the information filed against him should be dismissed with prejudice because this court lacks jurisdiction. Specifically, he contends that because the tribe has jurisdiction to prosecute him under its laws, he may not be prosecuted in federal court for violating 18 U.S.C. section 1165.

Section 1165 provides that:

> Whoever, without lawful authority or permission, willfully and knowingly goes upon any land that belongs to any Indian or Indian tribe, band, or group and either are held by the United States in trust or are subject to a restriction against alienation imposed by the United States, or upon any lands of the United States that are reserved for Indian use, for the purpose of hunting, trapping, or fishing thereon, or for the removal of game, peltries, or fish therefrom, shall be fined not more than $200 or imprisoned not more than ninety days, or both, and all game, fish, and peltries in his possession shall be forfeited.

18 U.S.C. § 1165 (1982).

Section 1165 does not confer jurisdiction on a federal court over the prosecution of an enrolled member of the tribe on whose reservation the violation of the statute allegedly occurred. *United States v. Jackson*, 600 F.2d 1283, 1287 (9th Cir.1979). The court in *Jackson* reached this conclusion after examining section 1165's legislative history, which indicates that Congress's major goal in enacting the statute was to assist tribes with enforcing criminal trespass laws. *Id.* Congress considered such assistance to be necessary because, prior to the enactment of section 1165, non-Indians trespassing on tribal lands were essentially shielded from prosecution. *Id.* The shield existed because such trespassers were not subject to the jurisdiction of tribal courts and many States did not have statutes outlawing trespass on Indian lands. *Id.* Section 1165 is thereby designed to pierce through this shield to al-

low for prosecution of those defendants over whom a tribe could not otherwise exercise criminal jurisdiction to enforce a tribal law similar to the federal statute. *Id.* Because defendant in *Jackson* was a tribal member, the Ninth Circuit concluded that his tribe possessed the authority to prosecute him, and therefore, no vacuum was left for the federal court to fill under section 1165. *Id.*

*Jackson* makes clear then that the dispositive issue for purposes of this motion is whether such a vacuum exists for this court to fill pursuant to section 1165 with respect to the prosecution of Greyfox, a nonmember Indian. This in turn is dependent upon whether the Umatilla Tribal Court has criminal jurisdiction over Greyfox.

■ A tribe may assert criminal jurisdiction over a nonmember Indian so long as the nonmember has sufficient contacts with the tribe to justify its conclusion that he is an Indian subject to such jurisdiction. *Duro v. Reina*, 851 F.2d 1136, 1144 (9th Cir.1988), *cert. granted*, — U.S. ——, 109 S.Ct. 1930, 104 L.Ed.2d 402 (1989); *see also Jackson*, 600 F.2d at 1286 (general rule is that except for offenses enumerated in the Major Crimes Act, 18 U.S.C. § 1153, crimes committed by enrolled Indians against other Indians within Indian country are subject to the jurisdiction of tribal courts) (citing *United States v. Antelope*, 430 U.S. 641, 643 n. 2, 97 S.Ct. 1395, 1397 n. 2, 51 L.Ed.2d 701 (1977)).[1]

In *Duro*, the Ninth Circuit ruled that the Salt River Pima–Maricopa Indian Community possessed jurisdiction over the prosecution of a nonmember Indian who was an enrolled member of another tribe, who lived on the Community's reservation for approximately three months with a Community member, and who at one time worked on the reservation for a company the Community owned. *Id.* The court went so far as to intimate that a tribal court may exercise criminal jurisdiction over any nonmember Indian so long as the

court premises its determination that a defendant fits within the nonmember Indian category other than solely on the basis of race. *Id.* at 1144. For the tribal court to make jurisdictional determinations solely on the basis of race, the court indicated, would invite a violation of the equal protection provision of the Indian Civil Rights Act, 25 U.S.C. § 1302(8) (1982).

■ Under the analysis the Ninth Circuit employed in *Duro*, I find that Greyfox constitutes an Indian over which the Umatilla tribal court may exercise criminal jurisdiction. As noted above, Greyfox is an enrolled member of the Omaha–Sioux tribe. He has lived on the Umatilla Reservation for much of the past six years. In fact, at the hearing, defense counsel indicated that Greyfox is prepared to testify that he has lived on the reservation for most of the last 17 years. These factors certainly support a finding that although Greyfox is a nonmember, he nonetheless had sufficient contacts with the Umatilla tribe such that its tribal court could consider him to be an Indian, and not solely on the basis of his race.

■ Thus, the Umatilla Tribal Court possesses the power to enforce its criminal hunting laws against Greyfox. Just because the court eventually dismissed Greyfox's case is irrelevant to the question of jurisdiction, as jurisdiction and enforcement are separate issues. *Jackson*, 600 F.2d at 1288.

## CONCLUSION

■ Because the Umatilla Tribal Court has the authority to try Greyfox for violation of the Umatilla criminal hunting laws, this court is without jurisdiction to try him for violating 18 U.S.C. section 1165. Therefore, I grant Greyfox's motion to dismiss the information.

---

1. An Indian tribe clearly possesses authority to enforce its criminal laws against tribal members. *United States v. Wheeler*, 435 U.S. 313, 326, 98 S.Ct. 1079, 1087, 55 L.Ed.2d 303 (1978). Indian tribal courts do not have jurisdiction to punish non-Indians, however. *Oliphant v. Suquamish Indian Tribe*, 435 U.S. 191, 212, 98 S.Ct. 1011, 1022, 55 L.Ed.2d 209 (1978).